IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:05CV488-MU

| | |
|---|---|
| ROSE Z. BRADLEY,<br><br>Plaintiff,<br><br>v.<br><br>LOWE'S COMPANIES, INC.,<br><br>Defendant. | ORDER |

**THIS MATTER** comes before the Court on Defendant's Motion to Dismiss Plaintiff's claims for age discrimination and intentional infliction of emotional distress ("IIED"). After reviewing the record and the filings in this case, it appears that even though Plaintiff's Complaint is hardly a model of sound pleading, most of her claims should survive dismissal at this stage. This motion is therefore **GRANTED** in part and **DENIED** in part.

### I- BACKGROUND

Plaintiff Rose Z. Bradley ("Bradley") is a current employee of Defendant Lowe's Companies, Inc. ("Lowe's"). Lowe's hired Bradley as a cashier in 1994, when she was over the age of 40, and assigned her to its Commercial Department. Beginning June 8, 2005, Bradley claims that she was transferred from the Commercial Department to the front desk, and back again. During this time, Bradley alleges that she was "called names" due to her age, was subject to "constant harassment and intimidation," and that the store manager "let it be known" that he wanted younger, more progressive employees to work under him. Finally, Bradley alleges that on one occasion, her in-store purchases were questioned and scrutinized in front of other employees and customers. Bradley then brought

this for age discrimination and intentional infliction of emotional distress.[1]

II- **Discussion**

A.  **Standard of Review**

"A motion to dismiss under [Fed. R. Civ. P. 12(b)(6)] tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of North Carolina v. Martin, 980 F.2d 943, 952 (4th Cir. 1993) *citing* 5A C. Wright & A. Miller, Fed. Practice and Procedure § 1356 (1990). "A motion to dismiss for failure to state a claim should not be granted unless it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of [the subject] claim." McNair v. Lend Lease Trucks, Inc., 95 F.3d 325, 328 (4th Cir. 1996) (*en banc*) (citations omitted). In considering a Rule 12(b)(6) motion, the complaint must be construed in the light most favorable to the nonmoving party, assuming factual allegations to be true. See, e.g., Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Revene v. Charles County Comm'rs, 882 F.2d 870, 872 (4th Cir. 1989). "A complaint should not be dismissed for failure to state a claim ... unless after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." Veney v. Wyche, 293 F.3d 726, 730 (4th Cir. 2002).

---

[1] The Court notes that nowhere in the Complaint or the briefs is a filing with the Equal Employment Opportunity Commission mentioned. Though such a filing is generally a prerequisite to bring a claim of age discrimination in federal court, this exhaustion requirement is not jurisdictional and may be waived. Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982). As Lowe's has not raised the issue of exhaustion, the Court will assume that the issue is waived for the purposes of this motion.

### B. Age Discrimination

Plaintiff effectively alleges two claims for age discrimination, both springing from the Age Discrimination in Employment Act ("ADEA"). 29 U.S.C. § 621 et seq. (West, Westlaw through 1996 amendments). First, she alleges a traditional claim for disparate treatment based on age. Second, she alleges a claim for creation of a hostile work environment based on age.

#### 1) Disparate treatment

First, insofar as Bradley seeks to assert a claim for traditional disparate treatment age discrimination, this claim fails. Disparate treatment requires "as an absolute precondition to suit that some adverse employment action has occurred." Bristow v. Daily Press, Inc., 770 F.2d 1251, 1255 (4th Cir. 1985). The Supreme Court has set forth a broad field of actions that could satisfy this standard, including reassignment from one area to another. Burlington Indus. v. Ellerth, 524 U.S. 742, 761-62 (1998). However, such a reassignment must involve "significantly different responsibilities." Id. The ADEA "cannot be transformed into a palliative for every workplace grievance, real or imagined." Bristow, 770 F.2d. at 1255.

Here, the only potentially adverse employment action Bradley alleges is a transfer in area, from cashier in the Commercial Department to front cashier. In her response brief, Bradley states that cashier jobs in different parts of a store could entail significant differences; however, at no point in the complaint does Bradley allege this, or that any harm actually ensued from the transfer. In fact, Bradley's complaint clearly states that she was hired by Lowe's simply as a "cashier," and was *assigned* to the Commercial Department. She makes no allegations that there is any difference between these two positions whatsoever, let alone the "significantly different responsibilities" required by the Supreme Court. Burlington Indus, 524 U.S. at 761-62. Moreover, Bradley was transferred back to the Commercial Department at least once; her current position is unclear. On the

face of the complaint, it appears that she was hired to be a cashier, and she has retained that position in one area of the store or another throughout her employment. Though the Court is required to make all *reasonable* inferences in favor of the plaintiff, it is not required to cure defects in the complaint by conjuring up allegations the plaintiff failed to make. Bradley's transfer from one cashier position to another simply cannot be considered an "adverse employment action" for purposes of the ADEA, and therefore, this claim must be dismissed.

### 2) Hostile work environment

Second, though Bradley lists her hostile work environment claim as part of her Second Claim for Relief along with IIED, and even though most of the allegations supporting this claim are listed under her First Claim for Relief, it is apparent from reading the Complaint that this is truly the main thrust of her case. The purpose of the current notice-pleading system is simply to "inform the opposing party of the claim and its general basis," and here, the Complaint gives sufficient notice of a hostile environment claim. Chao v. Rivendell Woods, Inc., 415 F.3d 342, 348 (4th Cir. 2005); see also Fed. R. Civ. P. 8. Thus, the Court will treat this claim as though it had been set out properly.

The Fourth Circuit has never explicitly recognized a claim for a hostile work environment based on age discrimination, but it has assumed that such a claim exists without deciding the issue. Burns v. AAF-McQuay, Inc., 166 F.3d 292, 294 (4th Cir. 1999). At the pleading stage, it is unnecessary for the Court to decide whether such a claim would ultimately be cognizable. To properly state a claim for a hostile work environment, a plaintiff must "forecast evidence that: 1) he experienced unwelcome harassment; 2) the harassment was based on his [age]; 3)the harassment was sufficiently severe or pervasive to alter the conditions of his employment and to create an abusive atmosphere; and 4) there is some basis for imposing liability on the employer." Baqir v. Principi, 434

F.3d 733, 745-46 (4th Cir. 2006).

Here, Plaintiff has alleged five factual bases to support her claim of a hostile work environment: a) that she was transferred between sections of the store; b) that she was called unspecified "names" due to her age; c) that the store manager "let it be known" in some unspecified manner that he wanted younger employees working under him; d) that she was "questioned and scrutinized" at one point concerning her in-store purchases, and e) that she was "constantly harassed and intimidated" due to her age . Though these statements are quite vague, the Court is required under Rule 12(b)(6) to make all assumptions of fact in favor of the plaintiff. The allegations here may be thin, but it would not be fair to say that Bradley cannot adduce "any set of facts in support of [her] claim entitling [her] to relief." Veney, 293 F.3d at 730. Thus, dismissal as to the hostile work environment claim must be denied.

### C. Intentional Infliction of Emotional Distress

Intentional infliction of emotional distress (often called "intentional infliction of *mental* distress" in North Carolina) is a tort governed by state common law. In North Carolina, in order state a claim for IIED, a plaintiff must allege 1) extreme and outrageous conduct 2) which is intended to cause and does cause 3) severe emotional distress. Dickens v. Puryear, 276 S.E. 2d 325, 335 (N.C. 1981). For conduct to be considered "extreme and outrageous," it must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community." Briggs v. Rosenthal, 327 S.E.2d 308, 311 (N.C. App. 1985). Likewise, "severe emotional distress" is characterized as "any emotional or mental disorder ... or any other type of severe or disabling emotional or mental condition which may be generally recognized and diagnosed by professionals trained to do so." Waddle v. Sparks, 414 S.E.2d 22, 27 (N.C. 1992).

Here, Bradley's Complaint again walks the line of acceptability, but ultimately survives. Bradley alleges that she suffered "great anxiety" due to the hostile work environment she suffered at Lowe's. While the specific facts she has alleged would most likely not qualify as "extreme and outrageous," again taking all reasonable inferences in Bradley's favor, it is possible, however unlikely, that facts could be adduced from the given allegations that would allow for a claim of IIED. Likewise, though "great anxiety" is a general term that does not allege a specific disorder, there are certainly many forms of recognized disorder that could be characterized by the phrase "great anxiety," and it would therefore be premature at this point to conclude that Bradley has not suffered a legitimate disorder qualifying as "severe emotional distress." Thus, however close the call, Bradley has met the minimal pleading requirements of Rule 8 of the Federal Rules of Civil Procedure, and her IIED claims must be allowed to go forward.

**IT IS THEREFORE ORDERED** that this motion is **GRANTED** as to Plaintiff's claim of age discrimination under a disparate treatment theory, and this claim is hereby **DISMISSED** with prejudice. As to all other claims, this motion is **DENIED.**

Signed: June 28, 2006

Graham C. Mullen
United States District Judge