# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:05CV488-MU

| | |
|---|---|
| ROSE Z. BRADLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | ORDER |
| LOWE'S COMPANIES, INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** comes before the Court on Defendant's Motion for Summary Judgment. For the reasons set forth below, the motion is **GRANTED**.

## BACKGROUND

The facts of this case were recited at length in this Court's Order on Defendant's Motion to Dismiss on June 28, 2006. Briefly, Plaintiff Rose Z. Bradley ("Ms. Bradley") is an employee of Defendant Lowe's Companies, Inc. ("Lowe's"). She is 80 years old, and she has worked for Lowe's since 1994, when she was assigned to the Commercial Department. Beginning June 8, 2005, Ms. Bradley claims that she was transferred from the Commercial Department to the front desk and back again. During this time, Ms. Bradley alleges that she was "called names" due to her age, was subject to "constant harassment and intimidation," and that the store manager "let it be known" that he wanted younger, more progressive employees to work under him. Finally, Ms. Bradley alleges that on one occasion, her in-store purchases were questioned and scrutinized in front of other employees and customers. Ms. Bradley then brought this suit for age discrimination

and intentional infliction of emotional distress. Defendant filed a Motion to Dismiss on April 14, 2006, which this Court granted as to Plaintiff's claim of age discrimination under a disparate treatment theory and denied for the remainder of the claims.

**Discussion**

    A.    **Standard of Review**

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Once the movant has met the initial burden, the non-moving party must come forward with specific facts demonstrating a genuine issue for trial. Celotex, 477 U.S. at 323. A genuine issue for trial exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

Pursuant to Rule 56(e), after "a motion for summary judgment is made . . . an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading," rather "the adverse party's response . . . must set forth specific facts showing that there is a genuine issue for trial." Fed. R. C. P. 56(e); Anderson, 477 U.S. at 250. This is particularly important where the nonmoving party bears the burden of proof. Hughes v. Bedsole, 48 F.3d. 1376, 1381 (4th Cir. 1995). There is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. Anderson, 477 U.S. at 249. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. Id. at 249-50. The mere existence of a scintilla of evidence in support of the plaintiff's

position will be insufficient; there must be evidence on which the jury could reasonably find for the Plaintiff. Id. at 252. The judge's inquiry, therefore, unavoidably asks whether reasonable jurors could find by a preponderance of the evidence that the plaintiff is entitled to a verdict.

When considering summary judgment motions, courts must view the facts in the light most favorable to the party opposing the motion. Austin v. Clark Equip. Co., 48 F.3d 833, 835 (4th Cir. 1995). "[T]he court must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133, 150 (2000). Indeed, summary judgment is only proper "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there [being] no genuine issue for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (internal quotations omitted). However, in reviewing the whole record, the Court must remember to "disregard all evidence favorable to the moving party that the jury is not required to believe" and, therefore, only "give credence to the evidence favoring the nonmovant as well as that evidence supporting the moving party that is uncontradicted and unimpeached, at least to the extent that [the] evidence comes from disinterested witnesses." Reeves, 530 U.S. at 151.

### B. Age Discrimination

Plaintiff alleged two claims for age discrimination, both stemming from the Age Discrimination in Employment Act ("ADEA"). 29 U.S.C. § 621 et seq. (West, Westlaw through 1996 amendments). First, she alleged a traditional claim for disparate treatment based on age, which was dismissed by this Court in August 2006. Second, she alleged a claim for creation of a hostile work environment based on age, which this Court will address now.

### Hostile work environment

As this Court explained in its June 2006 Order, this Court will read Ms. Bradley's complaint as asserting a properly pleaded claim of a hostile work environment. Although Ms. Bradley lists her hostile work environment claim as part of her Second Claim for Relief along with IIED, and even though most of the allegations supporting this claim are listed under her First Claim for Relief, it is apparent from reading the Complaint that this is truly the main thrust of her case.

The Fourth Circuit has never explicitly recognized a claim for a hostile work environment based on age discrimination, but it has assumed that such a claim exists without deciding the issue. Burns v. AAF-McQuay, Inc., 166 F.3d 292, 294 (4th Cir. 1999). To properly state a claim for a hostile work environment, a plaintiff must "forecast evidence that: 1) he experienced unwelcome harassment; 2) the harassment was based on his [age]; 3) the harassment was sufficiently severe or pervasive to alter the conditions of his employment and to create an abusive atmosphere; and 4) there is some basis for imposing liability on the employer." Baqir v. Principi, 434 F.3d 733, 745-46 (4th Cir. 2006). The standard of "severe and pervasive" is determined by evaluating factors such as the frequency of the contact, and whether the conduct is physically threatening or humiliating or unreasonably interferes with the plaintiff's work performance. Harris v. Forklift Sys., 510 U.S. 17, 23 (1993). The 4th Circuit has also noted that employment laws are not a "guarantee of refinement and sophistication in the workplace," Hartsel v. Orplex Prods., Inc., 123 F.3d 766, 773 (4th Cir. 1997), and that to be actionable, conduct must be "continuous and concerted." Shields v. Federal Express Corp., 120 Fed. Appx 956, 961 (4th Cir. 2005).

Here, Plaintiff has alleged seven factual bases to support her claim of a hostile work

environment: 1) she was subjected to increased scrutiny, which included a loss prevention team member searching her bags at one point; 2) her supervisor referred to her as "grandma" and "old girl," 3) she was once falsely accused of shopping while at work; 4) she was questioned about an invoice from a sale she had rung for her son; 5) she was required to work overtime without pay (and the manager who required her to work overtime is no longer employed by Lowe's); on two or three occasions, a supervisor used the public announcement system to instruct her to report to the front of the store; 6) she was required to mop larger sections of the floor than other cashiers and clean the restrooms alone; and 7) sometimes she did not get regular breaks.

When these claims were presented to the Court in Defendant's Motion to Dismiss, the Court recognized that these statements were "quite vague." Nonetheless, since the Court is required under Rule 12(b)(6) to make all assumptions of fact in favor of the plaintiff, the Court declined to dismiss her hostile work environment claim. Now on a motion for summary judgment, this matter can be resolved.

Based on the facts alleged by Ms. Bradley, the behavior of Ms. Bradley's supervisors simply does not reach the level of severe or pervasive. Using the factors laid out by <u>Harris</u>, such as frequency, severity of the contact, whether the conduct is physically threatening, humiliating, or unreasonably interferes with the plaintiff's work performance, the behavior that Ms. Bradley was subjected to cannot meet the high standard of severe or pervasive. <u>See</u> 510 U.S. at 23. In no way is this Court condoning the actions or comments of Ms. Bradley's supervisors, but in order to prevail on a claim of a hostile work environment, the Fourth Circuit requires a plaintiff to make a showing of evidence that reaches severe and pervasive. Absent such a demonstration, this Court cannot find in favor of Ms. Bradley.

Further, even if the behavior did rise to the level of severe and pervasive, in order to be

actionable, Ms. Bradley must allege that the conduct was "continuous and concerted." <u>Shields v. Federal Express Corp.</u>, 120 Fed. Appx at 961. The incidents recited by Ms. Bradley occurred years apart, and she admits that the occasions when she was referred to as "old girl" and "grandma" were isolated.

Since Ms. Ms. Bradley's allegations of misbehavior are neither severe and pervasive nor continuous, her claim of a hostile work environment cannot prevail and must be dismissed.

**C. Intentional Infliction of Emotional Distress**

Intentional infliction of emotional distress (often called "intentional infliction of *mental distress*" in North Carolina) is a tort governed by state common law. In North Carolina, in order state a claim for IIED, a plaintiff must allege 1) extreme and outrageous conduct 2) which is intended to cause and does cause 3) severe emotional distress. <u>Dickens v. Puryear</u>, 276 S.E. 2d 325, 335 (N.C. 1981).

Here, Ms. Bradley alleges that she suffered "great anxiety" due to her treatment at Lowe's. As recited previously, Ms. Bradley asserts that 1) she was subjected to increased scrutiny, which included a loss prevention team member searching her bags at one point; 2) her supervisor referred to her as "grandma" and "old girl," 3) she was once falsely accused of shopping while at work; 4) she was questioned about an invoice from a sale she had rung for her son; 5) she was required to work overtime without pay (and the manager who required her to work overtime is no longer employed by Lowe's); on two or three occasions, a supervisor used the public announcement system to instruct her to report to the front of the store; 6) she was required to mop larger sections of the floor than other cashiers and clean the restrooms alone; and 7) sometimes she did not get regular breaks. But none of the allegations, taken either

individually or in sum, lead to a finding that she was subjected to "extreme and outrageous" conduct. The standard of "extreme and outrageous" is quite high. Indeed, the allegations must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded at atrocious, and utterly intolerable in a civilized community." Briggs v. Rosenthal, 327 S.E.2d 308, 311 (N.C. App. 1985). Ms. Bradley's complaint, while undoubtedly frustrating and insulting, simply cannot meet the standard of outrageous as a matter of law.

Ms.Bradley also fails to demonstrate that she suffered severe emotional distress as a result of her work environment. "Severe emotional distress" is defined as "any emotional or mental disorder ... or any other type of severe or disabling emotional or mental condition which may be generally recognized and diagnosed by professionals trained to do so." Waddle v. Sparks, 414 S.E.2d 22,27 (N.C. 1992).

In this case, Ms. Bradley was diagnosed with an adjustment disorder in spring 2005. But neither Ms. Bradley nor her physician characterized her condition as "severe or disabling." In addition, Ms. Bradley's own behavior does not support a finding of a "severe or disabling" condition. Ms. Bradley was prescribed a low-dose anti-anxiety medication, but she never filled the prescription (Pl.'s Dep. at 8), nor did she ever seek help from a psychiatrist or psychologist. (Pl.'s Dep. at 224-5). Ms. Bradley articulated her feelings about her position as angry and irritable (Pl.'s Dep. at 223), but these feelings do not meet the standard required to show severe emotional distress.

The Court does not dispute the fact that Ms. Bradley was unhappy in her position at Lowe's. But the manner in which she was treated simply does not fulfill the standard for a finding of either a hostile work environment or a claim of intentional infliction of emotional

distress.  For these reasons,

**IT IS ORDERED** that Defendant's Motion for Summary Judgment is  **GRANTED.**

Signed: September 20, 2007

Graham C. Mullen
United States District Judge